May it please the Court, I'm Stephen Chin representing Appellant William Meador, and I plan to reserve two minutes for rebuttal. Mr. Meador is a California State Prisoner who has asserted various constitutional claims that prison officials falsely charged him with misconduct, and that as a result of those false charges, he was wrongfully sentenced to 11 months in the segregated housing unit. You back away just slightly from that microphone, and we won't get that bounce back. Go ahead. Okay. Mr. Meador objected to the false charge by submitting a grievance to prison officials, but prison officials failed to respond in violation of prison procedures. Mr. Meador then... Is there any factual issue in this case that was dismissed to esponte, wasn't it? That is correct, and before the appearance of any defendant. And in district court, the prisoner was pro se? That is correct, Your Honor. Okay. So you are correct that at this point we are confined to the four corners of the complaint and the attached exhibits. And you tell me if I'm wrong, but it appears to me that the sole legal issue before us is whether your client's concession of untimeliness equals failure to exhaust. Am I right about that? This appeal, yes, this appeal can be resolved on that issue, but it can also be resolved on other alternative grounds, even if the court finds that late-filed does, that a late-filed grievance does in some way amount to a concession of failure to exhaust. Here, Mr. Meador has also alleged that prison officials have failed to respond to his administrative grievance, thereby rendering the remedy process unavailable to him. And the PLRA by its own terms applies only to such administrative remedies as are available. This case appears pretty similar to Morella v. Terhune. Yes, it does. Decided on recently on April 14th. Yes, it does, Your Honor. And you both 28-J'd that, right? Yes, that is correct. Tell us how your client's case is embraced by that case or not. Well, in Morella v. Terhune, actually, the defendants had already appeared and they had moved for summary judgment. The magistrate judge asked the parties for briefing on the issue of exhaustion. The defendants contended that the prisoner had failed to exhaust administrative remedies because his grievance in the first instance had been late-filed. And, in fact, prison officials rejected the grievance precisely because it was untimely, which we don't have here because here prison officials simply never responded to Mr. Mater's grievance. And the district court at the Ninth Circuit held that it was improper for the district court to conclude that a late-filed grievance was without exception amounted to a failure to exhaust administrative remedies. There's been no factual finding here. It was dismissed on the pleadings? Yes, that is correct. It was dismissed on the pleadings. There has been no finding here. Okay. So your argument is, as in Morella, it ought to be remanded for a determination of whether he could have filed in a timely fashion and exhausted. Yes, that is correct. At this point, we're confined just to the four corners of the complaint, and the Attorney General's only argument that Mr. Mater has conceded a failure to exhaust is the fact that the complaint acknowledged that the correct grievance, if you will, was late-filed. Okay. And you say you have other grounds. Yes, that is correct. The complaint also alleges that prison officials utterly failed to respond at all to Mr. Mater, as I mentioned, attempted on several occasions to follow up with prison officials, and that also rendered administrative remedies unavailable, and therefore, the PLRA does not apply. And third — Excuse me. Would that amount to a waiver by the prison officials by failing to respond? I would submit that it does. On that issue? Yes, Your Honor. I would submit that it does. Under California prison regulations, prison officials were required to respond in writing and within ten working days to Mr. Mater's grievance. Here, they did not do so at all, and more egregiously, they never responded to any one of a number of attempts by Mr. Mater to follow up on his grievance. Counsel, how could there be a waiver if the State hasn't appeared yet? We don't even know what the State's response is, do we? That is correct. We do not know what the State's response will be. We can surmise, perhaps, through the Attorney General's appearance here on behalf. I'm sure we're going to hear shortly what the State's position is, but if we agree that under the authority of Morella that we have to send it back in order to find out why it was untimely, can't you raise all these arguments in front of the district court? Yes. Yes. Yes, that will be an issue for the defendants once they appear, and if they so choose, to raise as an affirmative defense before the district court. So wouldn't it be premature for the appellate court to decide that issue now? Well, it could in a sense, but I think the record is pretty clear. Well, the sense that I'm hearing is you're asking us for an advisory opinion, and we don't normally render them. Right. That is correct. This Court does not have jurisdiction to render advisory opinions. Okay. I think we've got your position well in hand. Let's hear from the State. You've got plenty of time to rebut. Thank you. Thank you. Thanks for coming in today. We'll hear from the State at this time. Good morning. Good morning, Your Honor. Jose Zaldan Cepeda, counsel for Appellee Warden Yates. I wanted to address a couple of points that Judge Hawkins and Judge Tallman were raising earlier regarding the failure to respond, and I say that the appellee agrees with what Judge Tallman was saying, that the issue of whether prison officials somehow waived exhaustion of remedies is premature at this point. And as a factual matter, the only the problem with this case is that the only factual development or the only factual record we have is what Mr. Medder has to say. And there's plenty of evidence that prison officials did respond to other grievances by Mr. Medder, and it's unclear what happened. But this Court may not. I'm sorry. I didn't hear that. You say there is a factual question of whether they did respond? What I was saying, Judge Hawkins, was that it's difficult to ascertain from the record because the only thing we have is Mr. Medder's position on these issues and documents that he submitted, but that the prison itself has certain records of what happened and they're not exactly the same thing, but that's something that's more appropriate for the district court to look at. Okay. So do you agree, Mr. Zaldan, that in light of this new case that's come down, Morella, that what we ought to do here is just remand this back to the district court to give you the opportunity to litigate the question of whether or not he did or did not exhaust his remedies and develop a record on what happened? Your Honor, I think that there's the short answer is no. I think that there's an easy – there's a way that this Court can go ahead and affirm the district court dismissal on an alternate basis. The record demonstrates both through my appellee, Warden James Yates' motion for judicial notice that Mr. Medder's allegations that he was unfamiliar with the prison process are belied by the record. Moreover, without even taking judicial notice and looking at the voluminous number of filings that Mr. Medder filed. You're asking us to take note of the fact that he's a frequent filer? Is that the judicial notice you're asking us to take? I'm asking the Court to take judicial notice of the fact that he has filed other cases and that he's familiar with the prison grievance procedure, which he says is the reason – his unfamiliarity with that. He says it's the reason why he did not submit a timely grievance. But again, Mr. Zeldin, that goes to the question of cause for failing to timely file, and until a factual record is developed on that, I don't know that an appellate court can resolve the factual dispute that you are now raising. I mean, you are putting into the record facts that would create a contested issue of material fact, and the only way that can be resolved is if the district court holds a hearing and makes a finding that your side is the correct version of what happened, in which case he loses. Well, Judge Talman, I'd ask the Court to look at the case of Farrington v. Louisiana Department of Corrections. It's a Fifth Circuit case where the inmate argued that his blindness prevented him from submitting a timely grievance, and therefore, he did not have to exhaust administrative remedies. And in that case, the Fifth Circuit rejected this by taking a look at the fact that the inmate's blindness did not prevent him from submitting a 1983 claim, other grievances. In other words, looked at other evidence. It's unclear what the procedural posture of that case was, so I can't say that it's quite on point, but I'd suggest to the Court that it's completely appropriate for this Court to look at these other. But isn't the problem here, Mr. Zeldon, that we have a – it's only a paragraph long, but we have a verified complaint from Mr. Medor that essentially alleges that he was – he is both illiterate and that he was – I don't know if the word is incarcerated, but assigned to the mental health facility at Vacaville, and that that's the reason why he couldn't get it in on time? That is correct, Your Honor, and this Court is limited to the factual record. But the factual record in this case also – one of the documents submitted by Mr. Medor – But actually, it's not a factual record. There's only an allegation complaint. Yes, Your Honor. I'm sorry. You're correct. It's just an allegation, but because this is a review of a dismissal of a complaint, then this Court has to take that allegation as true. But this Court can also – pardon me. This Court can also look at the documents appended to Mr. Medor's complaint, one of which was a separate grievance that was dated October 8, 2004. So I submit to the Court that even if this Court finds that Mr. Medor's claims are governed by Morello v. Terhune, as Judge Hawkins suggested, Mr. Medor had the ability to submit a grievance at least as early as October 8, 2004, but yet he did not do so until June 5, 2005, regarding the issue in this case. Sounds like you're going to be well-prepared for a hearing. Well, and we were quite prepared to do that, Your Honor, if that's the way that the Court rules. I just submit to the Court that there's sufficient evidence on the record for the Court to affirm on an alternative basis. But the problem is the evidence.  There is no evidence in the record. This – this other grievance of Mr. Medor stated that he has submitted and that he submitted to the Court as part of his complaint and his action, Your Honor. And I understand that part of the problem is that it's not evidence because there hasn't been a factual record developed, et cetera. But in light of that, I submit that that's sufficient evidence. Well, Justice Alito, the problem I'm having is that the district court's order, I'm looking at ER 3 at line 26 and a half, concluded that the plaintiff did not timely – did not file a timely inmate appeal and the prison exercised its discretion not to consider the late appeal. I don't understand how the district court could make that finding on this record. We don't know what the warden did after the grievance was filed, do we? That is correct, Your Honor. That particular language from the district court decision is problematic because there's nothing in the record to indicate that. To support it. That's correct. I agree. So I'm – I'm sorry. The Fifth Circuit case you cited, Farrington? Yes. Is that in your brief? It is. It's – That's fine. I can give you the site, but it's – I don't remember which page in my brief it is. But it is in your brief. It is.  And besides Farrington, I'd also like to look at – ask the Court to look at, by context, to the habeas case of Gaston v. Palmer, where an inmate alleged that his mental disability, among other things, prevented him from submitting a timely habeas petition. And this Court rejected that because at the same time that Mr. Gaston allegedly had these mental disabilities, he submitted other cases in court. And that case is cited in page 30 of my brief. Okay. If there are any more questions, I'd be happy to answer them. I don't see any. Thank you. Thanks for coming in today. Appreciate it. Good to see you again. Rebuttal? Very briefly, just two points in response to what the Attorney General's counsel said. First, as Judge Tallman pointed out, Mr. Mader did not just plead – not just allege that his grievance was late filed because of unfamiliarity with the prison procedures. He's also alleged that he suffered from a mental disability. And second, with respect to the separate grievance that was filed in October, one, as Your Honor has pointed out, here we are at the pleading stage. And so we don't have any evidence, so to speak, to look at. Let me just ask you, hypothetically, though, as a matter of law, is there a doctrine of equitable estoppel that we can apply to a Section 1915 dismissal? Yes, I believe so, Your Honor. And what case so holds? Well, this circuit, this Court has not so hold with respect specifically to – That's why I asked you the question. Because the Supreme Court has some language that seems to suggest that there is not, that we don't have the power to create an equitable exception where Congress has stated in the PLRA that it wants to tighten the noose on frivolous prisoner complaints. Well, I believe that's an unresolved issue at this point. In Booth v. Turner, the Supreme Court did use some language to indicate that it would not be an exception with the PLRA where Congress has mandated otherwise. But in a footnote, I believe it was footnote either 5 or 6, the Supreme Court also explained that its holding in that case was limited just to the issue before it. And, in fact, in Noe v. Woodford on remand, August of 2008, a panel of this Court held that it is an unresolved issue. It is unclear whether we can read exception into the PLRA. That said, however, other circuits that have addressed the issue, including the Second Circuit, and I would submit the D.C. Circuit, and those cases are cited in the briefs, have explained that equitable estoppel can apply where prison officials prevent prisoners from exhausting their administrative remedies. Well, maybe one of those cases will go up and the high court will tell us what the appropriate rule is. Do you have anything more? No, that's it, Your Honor. Thank you. Thank both sides for their argument. We appreciate the partners at Covington and Burling allowing you to argue this case today pro bono. We appreciate it. Thank you. It's our honor. Well, you did a good job. Thank you. The case just argued will be submitted.
judges: Hug, Hawkins, Tallman